IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Shaaban Shaaban Hafed, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DISMISSING CASE** |
| vs. | ) | |
| | ) | Criminal No. 3:08-cv-83 |
| State of Israel, | ) | |
| | ) | |
| Defendant. | ) | |

On January 9, 2009, the Court entered an Order to Show Cause directing Plaintiff Shaaban Hafed to show cause why his action should not be dismissed for improper venue under 28 U.S.C. § 1406(a) (Doc. #6). Hafed has now filed a responsive brief with numerous attachments (Doc. #7).

After carefully reviewing the materials submitted by Hafed, as well as the other documents filed in the case, the Court remains convinced that venue is improper in the District of North Dakota. Section 1391(f), Title 28 U.S.C., provides that a civil action against a foreign state may be brought:

> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
> (2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;
> (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or
> (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

Based on the facts as alleged in Hafed's complaint, it is clear that venue is not proper in North Dakota under subsections (1)-(3), as the events giving rise to his claims allegedly occurred in Israel, and the property which is the subject of his claims is located in Israel. Therefore, under the catch-all

provision of subsection (4), it appears to the Court that the only appropriate venue for Hafed's action against the State of Israel is the United States District Court for the District of Columbia.

Having concluded that venue is improper in the District of North Dakota, the Court must now decide whether to dismiss or transfer the action. Section 1406, Title 28 U.S.C., provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court finds that dismissal is appropriate, as it is not in the interest of justice to transfer this action to the District of Columbia.

In his brief, Hafed claims that it will be difficult for him to get justice in any other venue "because of pro Israel lobby influence." Pl.'s Br. at 5. He further claims:

> The interest of justice and the extraordinary circumstances surrounding because the U.S. District Courts in Washington D.C., Indiana, Illinois, California, Colorado and other states unfortunately influenced and under influence of the powerful, rich, and ramified Zionist pro Israel lobby in USA, which making it impossible for the plaintiff to get any justice in any state, except a few states, where the pro Israel lobby was not yet have the same power and influence it have in Indiana, Illinois, Washington D.C., New York, California and other states, the state of North Dakota one of these few state where pro Israel lobby have not a big influence on the federal courts yet.

Pl.'s Br. at 4. The Court will not tolerate such forum shopping by Hafed, particularly in light of the outrageous and impermissible rationale he has offered for his decision to file this action in the District of North Dakota. Furthermore, the Court will not transfer this action to the District of Columbia, which appears to be the only appropriate venue, because Hafed clearly believes that he cannot "get justice" in that district. Although Hafed's allegations of bias in particular federal districts are utterly frivolous, the Court finds it appropriate to dismiss this action rather than transfer

it a district that has been singled out by Hafed as a place where he does not want his action to proceed.  If Hafed wishes to pursue this action in the proper district, he must file it there himself.

For all the foregoing reasons, Plaintiff Shaaban Hafed's action against the State of Israel is hereby **DISMISSED** without prejudice for improper venue under 28 U.S.C. § 1406.

**IT IS SO ORDERED.  LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 30th day of January, 2009.


    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court